UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WHALEY-LEE,

     Plaintiff,                    Case No.  2:25-cv-11115

                                District Judge Terrence G. Berg

v.                            Magistrate Judge Kimberly G. Altman

SYNCHRONY BANK,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 4)[1]

### I.    Introduction

This is a consumer rights case.  Plaintiff Deborah Whaley-Lee, proceeding *pro se* and *in forma pauperis,* filed a complaint against Synchrony Bank[2] (Synchrony) in state court, asserting federal claims under the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), and state law claims under the Michigan Consumer Protection Act (MCPA), and for breach of contract. (ECF No. 1).  Synchrony timely removed the case to federal court.  The case has been referred to the undersigned for all pretrial proceedings.  (ECF No. 2).

_____

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Synchrony notes that the complaint improperly named it as PayPal/Synchrony Bank.

Before the Court is Synchrony's motion to dismiss, (ECF No. 4) to which Whaley-Lee, following an order to show cause, has responded (ECF No. 10). Synchrony filed a reply. (ECF No. 11). The matter is now ready for decision. For the reasons that follow, it is RECOMMENDED that Synchrony's motion be GRANTED and the case be DISMISSED.

## II. Background

Whaley-Lee alleges that she obtained a credit account from Synchrony in 2020. She further alleges that she entered into an Account Agreement with Synchrony so that she could use the Account to make purchases under the terms of a promotional interest program. Specifically, the promotional program allegedly would not charge her interest if the purchases were paid in full within six months. Whaley-Lee further says that she made purchases and made timely payments. She also alleges that she returned purchased merchandise, but not all returns were credited to her Account. She says she disputed the "improper credits and remaining charges" with Synchrony. Whaley-Lee further says that she "could no longer keep track of the purchases on the credit account for purposes of avoiding interest charges" on the promotional interest program. (ECF No. 1).

As a result, Whaley-Lee says that Synchrony violated the FDCPA by making a false representation that her credit account was past due, and by calling, emailing, and mailing her notices of the past due amount. She further alleges that

2

Synchrony attempted to collect on amounts that are falsely inflated and not authorized by agreement or permitted by law.  She also says that Synchrony violated provisions of the MCPA by failing to refund the amount owed to her, resulting in a balance due on Plaintiff's credit account.  Finally, Whaley-Lee alleges that Synchrony breached its contract by making various misrepresentations and confusing notations regarding the status her charges and/or refunds.  (*Id.*).

### III.   Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an

3

inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Finally, in ruling on a motion to dismiss, the Court may consider documents which are referenced in the complaint and integral to a plaintiff's claims. *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Here, as Synchrony notes, it is appropriate to consider the Account Agreement, which Synchrony has attached to its motion, because it is central to Whaley-Lee's claims. The Account Agreement is attached to Synchrony's motion. (ECF No. 4-2).

IV.    Discussion

A.    TILA

In Count I, Whaley-Lee alleges that Synchrony violated TILA.  Synchrony argues that Whaley-Lee has failed to state a viable claim under TILA and even if she did, any claim is time-barred.  The undersigned agrees.

As to the sufficiency of the claim, "TILA requires that creditors make certain disclosures as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions."  *United States v. Petroff–Kline*, 557 F.3d 285, 294 (6th Cir. 2009).  *See also Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012).

Here, Whaley-Lee alleges that Synchrony violated TILA because of the representations in the Account Agreement regarding the promotional purchases.  The complaint specifically alleges that Synchrony violated TILA by:

-failing to make the proper allocation, adjustments and/or timely credits to her account;

-failing to provide certain disclosures clearly and conspicuously as required by law, including those regarding finance charges and the computation thereof;

-failing to disclose clearly and concisely, the method by which various fees are calculated and the respective time period(s) to which said fees apply; and

-failing to provide certain information regarding "introductory" and/or promotional rates in accordance with the law.

(ECF No. 1, PageID.11).

Putting aside that Whaley-Lee's allegations are vague and lacking in detail as to the precise nature of how Synchrony violated TILA, the Account Agreement contains the terms of the Promotional Deferred Interest Rates, which were clearly disclosed to Whaley-Lee.  The Account Agreement says in relevant part that:

> [f]or each deferred interest purchase, if the deferred interest purchase balance is not paid in full within the promotional period, interest will be imposed from the date of purchase at the variable purchase APR that applies to your account when the deferred interest purchase is made
>
> At the time your account is opened, the variable purchase APR is 25.99%.

(ECF No. 4-2, PageID.174).  Thus, Whaley-Lee's TILA claim fails to state a viable claim for relief because the terms were clearly set forth in the Account Agreement.

As to the timeliness, under TILA, any private cause of action must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

Here, Whaley-Lee alleges she "obtained a credit account from Defendants PayPal and/or Synchrony Bank in 2020."  (ECF No. 1, PageID.9).  She further alleges that between 2023 and 2024, she made multiple purchases with various merchants and returned the merchandise.  (*Id.*, PageID.10).

The complaint was filed on March 14, 2025, more than four years after

6

Whaley-Lee opened her account, when she claims she was not provided with proper disclosures and the purported violation of TILA allegedly occurred.  This is well beyond the one year statute of limitation.  Moreover, although the doctrine of equitable tolling may be applied to TILA claims when the elements of the doctrine are satisfied, *Jones v. TransOhio Savings Ass'n,* 747 F.2d 1037, 1041 (6th Cir. 1984), Whaley-Lee has not raised the issue or made any attempt to satisfy the elements of equitable tolling.[3]

Overall, Whaley-Lee's TILA claim fails to state a viable claim and is time-barred.  Dismissal is appropriate on both grounds.

## B.     FDCPA

Synchrony argues that Whaley-Lee's FDCPA claim as alleged in Count II fails because Synchrony is not a "debt collector" within the meaning of the act. The undersigned agrees.  The FDCPA only applies to debt collectors.  *See Garner v. Select Portfolio Servicing, Inc*., No. 17-1303, 2017 U.S. App. LEXIS 21546, at *8, 2017 WL 8294293 (6th Cir. Oct. 27, 2017) (citing *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012)).  The FDCPA defines a "debt collector" as:

---

[3] Equitable tolling requires a plaintiff to show that: (1) the defendant actively concealed its misconduct; (2) this concealment prevented the plaintiff from discovering the misconduct during the limitations period; and (3) the plaintiff exercised diligence in attempting to uncover the misconduct.  *Ruth v. Unifund CCR Partners,* 604 F.3d 908, 910 (6th Cir. 2010).

> any person who uses any instrumentality of interstate commerce or the
> mails in any business the principal purpose of which is the collection of
> any debts, or who regularly collects or attempts to collect, directly or
> indirectly, debts owed or due or asserted to be owed or due another.

*Willison v. Nelnet, Inc*., 850 F. App'x 389, 391 (6th Cir. 2021) (citing 15 U.S.C. §

1692a(6)).

Creditors who collect in their own name and whose principal business is not

debt collection are not subject to the FDCPA.  *See Wadlington v. Credit*

*Acceptance Corp*., 76 F.3d 103, 104 (6th Cir. 1996) ("A debt collector does not

include the consumer's creditors."); *Montgomery v. Huntington Bank*, 346 F.3d

693, 698-99 (6th Cir. 2003) ("A creditor is not a debt collector for purposes of the

FDCPA and creditors are not subject to the FDCPA when collecting their

accounts."); *Agbay v. Wells Fargo Bank, N.A*., No. 11-14060, 2012 U.S. Dist.

LEXIS 103475, at *18-19, 2012 WL 3029825 (E.D. Mich. July 25, 2012)("The

plain language of 15 U.S.C. § 1692a(6)(F)(ii) excludes as a 'debt collector,' a

creditor who is collecting his or her own debt.").  A "creditor," as defined under

the FDCPA, includes "any person who offers or extends credit creating a debt or to

whom a debt is owed."  § 1692a(4).

Here, it is clear that Whaley-Lee opened an account with Synchrony, a

creditor.  The claims asserted in the complaint concern this account.  Whaley-Lee's

allegations are similar to those at issue in *Lemke v. Barclays Bank Del.*, No. 1:14-

CV-14449, 2015 U.S. Dist. LEXIS 69598, at *1, 2015 WL 3441145 (E.D. Mich.

8

May. 28, 2015), in which the court dismissed the FDCPA claims asserted against the issuer of a credit card.  In *Lemke*, the *pro se* plaintiff alleged that the defendant failed to properly validate her debt.  *Id*. at *11.  The *Lemke* plaintiff did not allege any facts to suggest that the defendant was a debt collector.  *Id*. at *15.  Rather, the pleadings and attachments merely showed that the defendant had issued a credit card to her.  *Id*.

Here, as in *Lemke*, the complaint establishes that Synchrony is the creditor and not a debt collector.  And because the FDCPA does not apply to creditors seeking to collect on their own accounts, her claim fails as a matter of law.  *See In re Gill*, No. 09-15976-JNF, 2013 WL 3379542, at *2–3 (Bankr. D. Mass. July 8, 2013) (granting a motion to dismiss holding that the plaintiffs failed to state a plausible claim that "[Navy Federal] is a 'debt collector' within the meaning of the FDCPA.").

C.    State Law Claims

Whaley-Lee also asserts of number of state law claims, all of which Synchrony has addressed in its motion to dismiss.  Generally, when all federal claims are dismissed before trial, pendant state-law claims should be dismissed or remanded to the state court.  *See Musson Theatrical, Inc. v. Fed. Express Corp*., 89 F.3d 1244, 1254–55 (6th Cir. 1996).  However, "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a

9

pendent state claim even if the federal claim has been dismissed before trial."

*Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991).  Here,

because Synchrony has addressed them and because the state law claims fail as a

matter of law, the undersigned deems it appropriate to consider the state law

claims.

### 1.    MCPA

In Count III, Whaley-Lee claims that Synchrony violated section

445.903(1)(u) of the MCPA.  This section prohibits:

> Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

Here, Whaley-Lee has not alleged with any specificity the alleged

transactions that were not properly credited back to her account.  Although she

says that Synchrony violated the provision of the MCPA, she makes only a

conclusory allegation that she "returned goods to merchants classified under the

promotional purchases but [Synchrony] failed to refund the exact amount back to

the corresponding promotional purchase resulting in a balance due on the

Plaintiff's credit account…"  (ECF No. 1, PageID.13).  She did not allege that she

paid a deposit, down payment or other consideration to Synchrony and fails to

10

allege any facts that might establish a violation of MCL 445.903(1)(u).  As such, her claim should be dismissed.  *See Warren v. Xlibris Corp.*, No. 1:11 CV 200, 2012 WL 266956, at *3 (W.D. Mich. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 271336 (W.D. Mich. Jan. 30, 2012)  (dismissing plaintiff's claim because "[while] replete with legal conclusions, with respect to this particular claim, Plaintiff has failed to allege sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ").

### 2.     Breach of Contract

In Count IV, Whaley-Lee claims breach of contract.  The elements of a breach of contract claim under Michigan law are that: "(1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury."  *Green Leaf Nursery, Inc. v. KMART Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. 2007) (citing *Burton v. William Beaumont Hosp.*, 373. F. Supp. 2d 707, 718 (E.D. Mich. 2005)).

Again, Whaley-Lee makes only a conclusory statement to support her claim. She says that Synchrony "breached its contract with Plaintiff by making representations, confusions notations and failing to make proper adjustments." (ECF No. 1, PageID.13).  She does not allege or identify in any way which specific provision(s) of the contract that Synchrony purportedly breached contrary, nor

11

does she alleged what damages she has suffered.  These bare bones allegations are simply insufficient to state a claim.  *See Thill v. Ocwen Loan Servicing*, LLC, 8 F. Supp. 3d 950, 955 (E.D. Mich. 2014) (dismissing a breach of contract claim because the plaintiff's allegations do not identify the specific terms of the contract allegedly breached—such as identifying "what payments were made, when or how they were supposed to be credited, what mistakes were made, why they are considered mistakes under the contract, etc.") (citing *Anderson v. Bank of America*, 2013 WL 5770507, at *4 (E.D. Mich. Oct. 24, 2013) (collecting cases)).

Moreover, as Synchrony points out, Whaley-Lee alleges that she—not Synchrony— "could no longer keep track of the purchases on the credit account for purposes of avoiding interest charges" on the promotional interest program. (*Id.*, PageID.10).  This allegation tends to show that if there was any breach of contract, it was by Whaley-Lee, not Synchrony.

### 3. Misrepresentation Claims

In Count IV, Whaley-Lee asserts a claim for negligent misrepresentation. Count V appears to allege intentional misrepresentation.  Because these are fraud based claims, under Fed. R. Civ. P. 9(b), the claims must be stated with particularity.  *See Coffey v. Foamex*, 2 F.3d 157, 161–62 (6th Cir. 1993).

To plead a claim for negligent misrepresentation under Michigan law, Whaley -Lee must show (1) a material misrepresentation by the defendant; (2) the

representation was unintentionally false; (3) the representation is made in connection with the contract's formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendant's misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit. *Yaldu v. Bank of Am. Corp*., 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) (*quoting Sipes v. Kinetra, LLC*, 137 F. Supp. 2d 901, 910 (E.D. Mich. 2001)).

A claim for intentional misrepresentation requires: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that [s]he thereby suffered injury. *Hi–Way Motor Co. v. Int'l Harvester Co*., 398 Mich. 330, 247 N.W.2d 813, 816 (Mich. 1976) (*quoting Chandler v. Heigho*, 208 Mich. 115, 175 N.W. 141, 143 (Mich. 1919)). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id*.

Whaley-Lee's allegations fail to meet the particularity requirements for either claim. She has not alleged the time, place, speakers, or what statements were allegedly fraudulent. She merely recites the general elements of a fraud claim, and does not allege facts that indicate Synchrony made a material

13

misrepresentation that was false, either negligently or intentionally.  Her allegation that Synchrony made "various misrepresentations and confusing notations" does not give rise to a negligent or intentional misrepresentation claim.  Thus, her fraud claims should be dismissed.

### D.    Whaley-Lee's Response

Whaley-Lee was directed to file a response to Synchrony's motion by May 27, 2025.  (ECF No. 6).  She did not file a response by that date.  On June 13, 2025, the Court issued an order to Whaley-Lee to show cause by July 10, 2025 as to why the case should not be dismissed for failure to prosecute.  (ECF No. 9). The order stated that Whaley-Lee could satisfy the show cause order by filing a response to the motion.  On June 26, 2025, Whaley-Lee filed a response to the order to show cause.  (ECF No. 10).  The Court considered to be a response and found the show cause order satisfied.  See text only order dated July 27, 2025. Synchrony then filed a reply.  (ECF No. 11).

As Synchrony points out in its reply, Whaley-Lee's response fails to meaningfully respond to Synchrony's arguments for dismissal.  Instead, Whaley-Lee says that "defendant has not attempted to contact plaintiff since the lawsuit was filed," and "defendant is attempting to dismiss the lawsuit on grounds contrary to why the lawsuit was filed."  These statements are not legal bases to avoid dismissal.  In addition, her statement that she "has proven to the defendant that she

does not owe the amount that PayPal Credit Synchrony Bank continues to pursue . . .", even if taken as true, does not identify or state a viable cause of action against Synchrony.

Overall, Whaley-Lee offers no substantive response to Synchrony's arguments, which essentially amounts to abandoning her claims.  *See Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) (stating that "[c]laims left to stand undefended against a motion to dismiss are deemed abandoned.").  *See also Winters v. Deutsche Bank Nat'l Tr. Co.*, No. CV 15-13456, 2016 WL 5944717, at *3 (E.D. Mich. Sept. 14, 2016), report and recommendation adopted sub nom. *Winters v. Ocwen Loan Servicing LLC*, No. 15-CV-13456, 2016 WL 5930528 (E.D. Mich. Oct. 12, 2016). Therefore, dismissal of Whaley-Lee's claims is appropriate.

## V.     Conclusion

For the reasons stated above, it is RECOMMENDED that Synchrony's motion to dismiss (ECF No. 4) be GRANTED and the case be DISMISSED.

Dated: August 25, 2025                    s/Kimberly G. Altman
Detroit, Michigan                         KIMBERLY G. ALTMAN
                                          United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

　　　　Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

s/Dru Jennings
DRU JENNINGS
Case Manager

17